[Cite as *Mentor v. Spehar*, 2018-Ohio-3441.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| CITY OF MENTOR, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2017-L-103** |
| MARTIN E. SPEHAR, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Mentor Municipal Court, Case No. 2017 CRB 01050.

Judgment: Affirmed.

*Lisa Klammer*, Mentor City Prosecutor, 8500 Civic Center Boulevard, Mentor, OH 44060 (For Plaintiff-Appellant).

*Martin E. Spehar*, Pro Se, 7495 Hopkins Road, Mentor, OH 44060 (Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1}     Martin E. Spehar appeals from the judgment of the Mentor Municipal Court, finding him guilty of violating Mentor Codified Ordinance 505.13, which makes it a misdemeanor to keep farm animals in Mentor on properties less than two acres in size. Mr. Spehar kept chickens at his property, which is evidently only .52 acres. He alleges violations of the Ohio Constitution, various Ohio statutes, and the Rules of Criminal Procedure. Finding no reversible error, we affirm.

{¶2} June 20, the Mentor police filed a misdemeanor complaint against Mr. Spehar. July 10, 2017, he moved to dismiss. The matter came on for bench trial July 17, 2017. The trial court denied the motion to dismiss, and found Mr. Spehar guilty. He was assessed a $150 fine, and court costs. He timely noticed this appeal, assigning four errors.

{¶3} Initially, we note that Mr. Spehar has filed a CD of the proceedings in the trial court, but no transcript. Pursuant to App.R. 9(B)(1), it was his duty to file a transcript conforming to the requirements of App.R. 9(B)(6). Since he failed to do so, our review of this case is limited to matters of law.

{¶4} The first assignment of error reads: "The trial court erred by denying the motion to dismiss, and assuming that subject matter jurisdiction existed and that a criminal court is the proper venue for a municipal ordinance regulating farm animals and that a monetary fine, outside the remedy sanctioned in R.C. 715.23, is a legitimate punishment with regard to the 14th Amendment."

{¶5} Mr. Spehar first argues that M.C.O. 505.13 violates R.C. 715.13, "Impounding animals." That division provides:

{¶6} "Except as otherwise provided in section 955.221 of the Revised Code regarding dogs, a municipal corporation may regulate, restrain, or prohibit the running at large, within the municipal corporation, of cattle, horses, swine, sheep, goats, geese, chickens, or other fowl or animals, impound and hold the fowl or animals, and, on notice to the owners, authorize the sale of the fowl or animals for the penalty imposed by any ordinance, and the cost and expenses of the proceedings."

{¶7} Mr. Spehar argues that a municipality is limited to the remedies provided by the division: seizure and sale of the animals.

{¶8} We respectfully disagree. Mr. Spehar ignores R.C. 715.67, which provides: "Any municipal corporation may make the violation of any of its ordinances a misdemeanor, and provide for the punishment thereof by fine or imprisonment, or both. The fine, imposed under authority of this section, shall not exceed five hundred dollars and imprisonment shall not exceed six months." Thus, M.C.O. 505.13 is a perfectly valid exercise of Mentor's power to make ordinance violations misdemeanors.

{¶9} Under this assignment of error, Mr. Spehar also argues the trial court did not spend sufficient time reviewing his motion to dismiss. He alleges the trial court spent about 35 minutes reading the motion.

{¶10} First, this brings up a factual matter, which we will not reach due to the lack of a transcript. Second, as the state points out, Crim.R. 12(F), "Ruling on Motion," provides: "The court may adjudicate a motion based upon briefs, affidavits, the proffer of testimony and exhibits, a hearing, or other appropriate means."

{¶11} The first assignment of error lacks merit.

{¶12} The second assignment of error reads: "The trial court erred in its interpretation of R.C. 2901.02(G)(2), 2901.03(A), and 2901.04(A) by strictly construing an act against the accused and liberally in favor of the state." Under this assignment of error, Mr. Spehar again argues that M.C.O. 505.13 violates R.C. 715.23, which argument we rejected under his first assignment of error.

{¶13} While he does not argue the applicability of any of the statutory sections mentioned in the assignment of error to his case, we review them briefly.

3

{¶14}     R.C. 2901.02(G)(2) provides, in relevant part:

{¶15}     "Any offense not specifically classified is a minor misdemeanor if the only penalty that may be imposed is one of the following: * * * (2) For an offense committed on or after January 1, 2004, a fine not exceeding one hundred fifty dollars, community service under division (D) of section 2929.27 of the Revised Code, or a financial sanction other than a fine under section 2929.28 of the Revised Code."

{¶16}     We fail to see any relevance of the statute to this case.  M.C.O. 505.13(d) defines a first time offense as a minor misdemeanor; a second offense within 12 months of the first as a fourth degree misdemeanor; and three or more offenses within 12 months as a third degree misdemeanor.

{¶17}     R.C. 2901.03(A) provides: "No conduct constitutes a criminal offense against the state unless it is defined as an offense in the Revised Code."  This section simply sets forth the abolition of common law crimes embodied in the Ohio Constitution. Violation of M.C.O. 505.13 is not a common law crime.

{¶18}     R.C. 2901.04(A) provides: "(A) Except as otherwise provided in division (C) or (D) of this section, sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused." Mr. Spehar does not dispute that he violated M.C.O 505.13.  We fail to see how the trial court did not construe the ordinance strictly against Mentor, and liberally in his favor.

{¶19}     The second assignment of error lacks merit.

{¶20}     The third assignment of error reads: "The trial court erred in the assessment of fines and costs after the conviction of the Appellant."  Mr. Spehar argues that R.C. 715.23 does not allow a municipality to assess fines for keeping farm animals.  We have

4

previously explained that this is incorrect.  He further objects to being charged costs in relationship to his filings under Crim.R. 16.

{¶21}    As Mentor points out, R.C. 1901.26(A)(1)(a) provides, in pertinent part: "The municipal court * * * by rule, shall establish a schedule of fees and costs to be taxed in any civil or criminal action or proceeding."  The trial court simply followed its published fee schedule, which was certainly available to Mr. Spehar.

{¶22}    The third assignment of error lacks merit.

{¶23}    The fourth assignment reads: "The trial court erred by not adhering to the Criminal Rules of Procedure."  Mr. Spehar points to Crim.R. 1(C)(6), which provides that the criminal rules do not apply to forfeiture cases, and argues that under R.C. 715.23, Mentor's only remedy was to seek forfeiture and sale of his chickens.  We have previously explained that this is untrue.

{¶24}    This assignment of error lacks merit.

{¶25}    The assignments of error lacking merit, the judgment of the Mentor Municipal Court is affirmed.


DIANE V. GRENDELL, J.,

TIMOTHY P. CANNON, J.,

concur.

5